

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, )
)
)
    Plaintiff, )
v. )
)
RCC CONSULTANTS, INC. )
)
    Defendant. )
)
)
_____ )

CIVIL ACTION NO. 3: 11cv 864

COMPLAINT

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability, and to provide appropriate relief to Stanton Woodcock ("Woodcock"), who was adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, RCC Consultants, Inc. ("Defendant"), failed to hire Woodcock, because of his disability, ocular albinism.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Sections 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been a Delaware corporation with its principal place of business in the state of Virginia and in the city of Glen Allen, and has continuously had at least 15 employees.   Defendant also has a facility in Glen Allen, Virginia, among others.

5.      At all relevant times, Defendant has continuously been an employer within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Woodcock filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.   All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      In or around October 2007, Defendant engaged in unlawful employment practices when Defendant failed to hire Stanton Woodcock because of his disability, ocular albinism, in violation of sections 102(a), (b)(1) and (b)(6) of Title I of the ADA, 42 U.S.C. § 12112(a), (b)(1) and (b)(6).  More specifically:

a.  Woodcock has had ocular albinism since birth.   Ocular albinism is an inherited condition in which the eyes lack melanin pigment.   The lack of melanin pigment in his eyes causes various vision problems for Woodcock and substantially limits his ability to see.

b.  Because of his ocular albinism, Woodcock's vision is 20/300 and 20/400; his eyes move back and forth rapidly in a continuous motion which prevents him from being able to focus on a specific object; his eyes are crossed; and his eyes are sensitive to light requiring him to wear sunglasses while outside. Woodcock's visual acuity cannot be mitigated or corrected with contact lenses or glasses.

c.  Woodcock is an individual with a disability because his ocular albinism substantially limits him in the major life activity of seeing.

d.  Woodcock applied for a Managing Consultant position in Defendant's mid-Atlantic region in or around August 26, 2007.  As a Managing Consultant, Woodcock would have worked with clients in Virginia, the District of Columbia and Maryland providing technical assistance and support for the clients' communications systems, among other things.  According to the job description for the position, the Managing Consultant would have had to travel domestically to perform the job.

e.   On or about October 17, 2007, Woodcock was interviewed for the Managing Consultant position by Defendant at its Glen Allen, Virginia facility. Woodcock was offered the position immediately following the interview. In or around late-October 2007, Defendant learned that Woodcock does not have a driver's license and does not drive because of his disability. Woodcock specifically informed Defendant that he does not drive because his disability prevents him from obtaining a driver's license. Woodcock further informed Defendant that despite the fact that he does not drive, he is able to travel domestically and internationally using public transportation, including planes, buses and taxicabs. Woodcock also explained that his wife is available to transport him whenever necessary, including for work-related reasons. Despite this assurance from Woodcock that he could do whatever travel was required for the job, on or around October 31, 2007, Defendant rescinded Woodcock's offer of employment.

f.   Defendant's requirement that Woodcock possess a driver's license constitutes a qualification standard or selection criterion within the meaning of Section 102(b)(6) of Title I of the ADA, 42 U.S.C. § 12112(b)(6). The standard or criterion of possession of a driver's license screened out Woodcock from employment as a Managing Consultant because of his disability, ocular albinism, which prevents him from passing the vision test necessary to obtain a driver's license.

g.   Woodcock was fully qualified to perform the essential functions of the Managing Consultant position as demonstrated by his 33 years of experience

in the telecommunications industry and Defendant having extended an offer of employment to Woodcock.

h.   Defendant unlawfully failed to hire Woodcock for the Managing Consultant position because of his disability in violation of Section 102(a), (b)(1) and (b)(6) of Title I of the ADA, 42 U.S.C. § 12112(a), (b)(1) and(b)(6).

9.    The effect of the practices complained of in paragraph 8 above has been to deprive Woodcock of equal employment opportunities because of his disability.

10.    The unlawful employment practices complained of above were intentional.

11.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Woodcock.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make Woodcock whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to instatement or front pay in lieu thereof.

D.    Order Defendant to make Woodcock whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.    Order Defendant to make Woodcock whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.    Order Defendant to pay Woodcock punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 29th day of December, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE

Washington, DC 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507

EDWARD O'FARRELL LOUGHLIN
(Virginia Bar No. 70182)
Trial Attorney
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507
(202) 419-0748
edward.loughlin@eeoc.gov